# UNITED STATES DISTRICT COURT

for the
**Eastern District of Kentucky**
**London Division**

| | |
|---|---|
| Billy Cottrell | ) |
|     *Plaintiff* | ) |
| | ) |
| v. | )     Case No. |
| | ) |
| LVNV Funding, LLC | ) |
|     *Defendant* | ) |
| Serve: | ) |
| Corporation Service Company | ) |
| 2711 Centerville Road, Suite 400 | ) |
| Wilmington, DE 19808 | ) |
| | ) |
| Resurgent Capital Services, L.P. | ) |
|     *Defendant* | ) |
| Serve: | ) |
| Corporation Service Company | ) |
| 421 West Main Street | ) |
| Frankfort, KY 40601 | ) |
| | ) |

## COMPLAINT AND JURY TRIAL DEMAND

### INTRODUCTION

1.    This is an action brought by a consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 - 1692o ("FDCPA").

2.    Defendant LVNV Funding, LLC ("LVNV") is in the business of purchasing or acquiring charged-off debt from original creditors for pennies on the dollar. Defendant Resurgent Capital Services, L.P. ("Resurgent") routinely services debt owned by LVNV. LVNV and Resurgent are affiliated business entities. Resurgent on LVNV's behalf is reporting false negative credit information concerning Plaintiff Billy Cottrell and a debt originated by Credit One Bank, N.A. to consumer reporting agencies. The information is false because the information falsely states that the amount of the debt is over $500.00 more than could be possibly owed on the debt.

## JURISDICTION

3.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331, and the FDCPA, 15 U.S.C. §1692k(d).

## PARTIES

4.      Plaintiff Billy Cottrell is a natural person who resides in Harlan County, Ky.  Mr. Cottrell is a "consumer" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

5.      Defendant, LVNV Funding, LLC ("LVNV"), is a foreign limited liability company, which has not registered with the Kentucky Secretary of State. LVNV is engaged in the business of purchasing debt from creditors and collecting these debts from consumers in this state. LVNV's principal place of business is located at Bank of America Building, 200 Meeting Street, Suite #206, Charleston, SC 29401-3187.

6.      LVNV regularly collects or attempts to collect debts owed or due or asserted to be owed or due another and is a "debt collector" within the meaning of the FDCPA, as defined by 15 U.S.C. § 1692a(6).

7.      Defendant, Resurgent Capital Services, L.P. ("Resurgent"), is a foreign limited partnership, which is registered with the Kentucky Secretary of State, and is engaged in the business of purchasing debt from creditors and collecting these debts in this state and/or collecting debts on behalf of other debt collectors such as LVNV. Resurgent's principal place of business is 15 S. Main St., #400, Greenville SC, 29601.

8.      Resurgent is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

## STATEMENT OF FACTS

**I.      The Relationship between LVNV and Resurgent**

9.      Even though LVNV engages in substantial and significant debt collection activity across the country, LVNV apparently has no employees. *See* Statement of Material Facts filed as Dkt. #69 in *Randall v. Nelson & Kennard*, 2:09-cv-00387 (D.Ariz. filed Aug. 9, 2010). Resurgent services LVNV's debt collection "pursuant to a written agreement and power of attorney." *Id.*

10.     Upon information and belief, LVNV and Resurgent are affiliated or related business entities that are part of a group of companies that focuses on extension of credit, investment in charged-off debt, and collection of debt.

**II.     Facts Relating to LVNV and Resurgent**

11.     On July 20, 2015, LVNV filed suit against Mr. Cottrell in Harlan District Court in Case No. 15-C-00234.

12.     LVNV's complaint was an attempt to collect a charged-off credit card debt originated by Credit One Bank, N.A.

13.     Upon information and belief, the Credit One credit card was used solely for personal, family, and/or household purposes, which makes the Credit One debt a "debt" within the meaning of the FDCPA. 15 U.S.C. § 1692a(5).

14.     LVNV's complaint in Case No. 15-C-00234 alleges that Mr. Cottrell owes $1,797.45 on the alleged debt.

15.     In support of its claim, LVNV attached the affidavit of one Matt Pangle as an Exhibit.

16.     The Pangle Affidavit averred that $1,797.45 was the amount due on the debt.

17.     After being sued, Mr. Cottrell requested, obtained, and reviewed a copy of his

consumer credit report from Equifax Information Services, LLC ("Equifax") to get more information on LVNV and the alleged debt.

18.    Mr. Cottrell' Equifax credit report included negative credit information concerning Credit One and LVNV.

19.    The information furnished by Credit One showed that the Credit One credit card had a credit limit of $1,300.00 but was charged off with $1,797.00 due on the debt. Consequently, it appears that Credit One added almost $497.00 in interest and fees on the credit card debt before charging it off.

20.    Upon information and belief, Credit One and LVNV are related entities.

21.    Upon information and belief, the Credit One credit card was used solely for personal, family, and/or household purposes, which makes the Credit One debt a "debt" within the meaning of the FDCPA. 15 U.S.C. § 1692a(5).

22.    Upon information and belief, at some point in time Credit One closed the credit card account at issue and charged it off to profit and loss.

23.    Upon information and belief, the amount due on the Credit One debt was no more than $1,797.45 on the date of charge off.

24.    Upon information and belief, Credit One affirmatively waived its right to charge interest or fees on the debt after charging it off.

16.    Upon information and belief, Credit One sold Mr. Cottrell's charged-off credit card debt to LVNV or an assignee of LVNV sometime after the debt went into default and had been charged off.

17.    Upon information and belief, the amount of the Credit One debt was still no more than $1,797.45 on the date of sale to LVNV or LVNV's assignee.

18.     Upon information and belief, LVNV paid no more than five cents on the dollar or $90.00 for a debt with a face value of $1,797.45.

19.     Upon information and belief, LVNV referred the charged-off LVNV debt to Resurgent for servicing of the debt.

20.     Mr. Cottrell's Equifax consumer credit report includes negative information concerning LVNV and the charged-off Credit One debt.

21.     The negative credit information concerning LVNV and the Credit One debt falsely states that $2,300.00 was past due and owing on the debt as of November 14, 2014.

22.     LVNV and/or Resurgent furnished negative information concerning Mr. Cottrell in connection with the Credit One debt to one or more consumer reporting agencies in an attempt to collect a debt from him within the meaning of the FDCPA. *Sullivan v. Equifax, Inc.*, CIV.A. 01-4336, 2002 WL 799856 (E.D. Pa. Apr. 19, 2002) ("[R]eporting a debt to a credit reporting agency is 'a powerful tool designed, in part, to wrench compliance with payment terms.'").

23.     The information furnished by LVNV and/or Resurgent to the consumer reporting agencies ("CRA's"), including Equifax, does not explain or justify LVNV and Resurgent's basis for increasing the alleged amount due on the Credit One debt by over $500.00 or over 25% greater than the charged-off amount of $1,797.45.

24.     LVNV and/or Resurgent furnished false credit information to the CRA's by falsely representing that $2,300.00 was the amount due on the Credit One debt.

**Claims for Relief: Violations of the Fair Debt Collection Practices Act**

25.     The foregoing acts and omissions by LVNV Funding, LLC and Resurgent Capital Services, L.P. constitute violations of the FDCPA including but not limited to violations of 15 U.S.C. § 1692e and 15 U.S.C. § 1692f and one or more subsections of each statute by falsely

representing the amount of the Credit One debt, by furnishing false negative credit information

concerning the Credit One debt, and by attempting to collect more on the Credit One debt than

either LVNV or Resurgent had any legal right to recover from Mr. Cottrell.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Billy Cottrell requests that the Court grant him the following

relief:

1.      Award Plaintiff actual damages;

2.      Award Plaintiff maximum statutory damages against each Defendant;

3.      Award Plaintiff reasonable attorney's fees and costs; and

4.      Such other relief as may be just and proper.


Respectfully submitted,


/s/ James H. Lawson
**James H. Lawson**
*Lawson at Law, PLLC*
115 S. Sherrin Avenue
Suite #4
Louisville, KY 40207
Tel:     (502) 473-6525
Fax:     (502) 473-6561
james@kyconsumerlaw.com